UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRANDON L. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:11-CR-81 |
| | ) | 2:13-CV-245 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a "Petition Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 764] [1], filed by Brandon L. Miller ("Miller" or "petitioner").[2] The petitioner has filed a supporting memorandum, [Doc. 765], the government has responded in opposition, [Doc. 797], and petitioner has replied to the government's response. [Doc. 842]. The matter is now ripe for disposition. The Court has concluded that the files and records in the case conclusively establish that petitioner is not entitled to relief under § 2255 and no evidentiary hearing is required. Because Miller's petition is time barred, it will be DENIED.

**I. Procedural and Factual Background**

Miller was charged, along with twenty co-defendants, in an indictment returned by a federal grand jury on September 13, 2011. [Doc. 3]. In Count Three, he was charged with conspiracy to distribute and possess with the intent to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). In Count Forty-Three, Miller was charged with distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He ultimately pled guilty to

---

[1] All citations to the record are found on the docket of Case No. 2:11-CR-81.
[2] Miller also has a pending motion and supplemental motion for reduction of sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines, [Doc. 909]. The government has responded, acknowledging that Miller is eligible for a reduction. That motion will be addressed in a separate order.

1

Count Three on December 15, 2011, [*see* Doc. 373], pursuant to a negotiated plea agreement, [Doc. 229], and was sentenced on April 23, 2012 to a 96 month term of imprisonment. [*See* Doc. 546]. Judgment was entered on May 2, 2012. [Doc.561]. No appeal was taken. The instant § 2255 motion was filed on September 30, 2013. [Doc. 764].

Miller's plea agreement contains the following stipulation of facts:

> Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that between January of 2010 and November of 2010, in the Eastern District of Tennessee and elsewhere, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute and to possess with the intent to distribute approximately 1,260 (30 milligram) oxycodone pills and 630 (15 milligram) oxycodone pills, a Schedule II controlled substance.
>
> During the conspiracy, the defendant and several co-defendants and co-conspirators traveled to various pain clinics in Florida where they would obtain prescriptions for 30 milligram and 15 milligram oxycodone pills which they would fill in either Florida or Georgia. The defendant and co-defendants would then use and sell the rest of the pills in the Eastern District of Tennessee.
>
> On March 16, 2010, in intercepted telephone calls, the defendant spoke to co-defendant McMahan while the defendant and a co-defendant were in Florida obtaining oxycodone pills. During the conversation, McMahan told the defendant to come back with what they have.
>
> On March 20, 2010, in intercepted telephone calls, the defendant left a message for co-defendant McMahan. In the message, the defendant said that he had messed up his dates and that he needed to leave today. The defendant admits that he was leaving to return to Florida to obtain additional oxycodone pills which he would bring back to the Eastern District of Tennessee for distribution and personal use.
>
> On September 2, 2010, the defendant and co-defendant Teny Miller were stopped by the Jefferson County Sheriff's Office. During the stop, officers found 65 (15 milligram) oxycodone pills and 240 (30 milligram) oxycodone pills.

> On November 12, 2010, the defendant was arrested in Newport after passing out at a Pizza Hut. Officers found 100 (30 milligram) oxycodone pills and 64 (15 milligram) oxycodone pills on his person. The defendant admits that he intended to distribute these pills to others.
>
> The defendant admits that he traveled to Florida approximately seven times between January of 2010 and November of 2010 to obtain an average of 180 (30 milligram) oxycodone pills and 90 (15 milligram) oxycodone pills. The defendant admits that he used some of the pills, and that he distributed the rest.
>
> Conservatively, the defendant admits responsibility for 1,260 (30 milligram) oxycodone pills and 630 (15 milligram) oxycodone pills, which is the equivalent of approximately 317 kilograms of marijuana.

[Doc. 229].

**II. Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion

3

that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis

Miller's petition raises three issues, which he states as follows:

> I. PETITIONER IS ENTITLED TO EQUITABLE TOLLING TIME DUE TO EXTRAORDINARY EXCEPTIONAL CIRCUMSTANCES
>
> II. DEFENSE COUNSEL MARK S. HANOR WAS INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO FILE A REQUESTED APPEAL
>
> III. ATTORNEY MARK S. HANOR WAS INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO OBJECT

4

TO, MITIGATE AND RAISE ON DIRECT APPEAL THE USE
OF PRIOR CONVICTIONS IN DEFENDANT'S CRIMINAL
HISTORY CHART THAT DID NOT QUALIFIED [SIC] FOR
ENHANCEMENT

[Doc. 765 at 2].

Petitioner acknowledges that he filed his petition seventeen months after the entry of the judgment but asserts he is entitled to equitable tolling because he acted diligently in filing his § 2255 petition after he realized counsel had not filed his requested notice of appeal. The government responds that the petition is untimely and that petitioner has not established grounds for equitable tolling. Even if not untimely, the government asserts that petitioner's claims are meritless. Because the Court finds that the petition is clearly untimely, it will not address the petition on the merits.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year period of limitations for § 2255 motions which generally runs from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). "When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). At the time relevant to this suit, that period was 14 days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(2012). In Miller's case then, the limitations period begin to run on May 17, 2012 and expired on May 17, 2013, more than four months before Miller's petition was filed.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.

5

2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 649). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2013) (citations and internal quotation marks omitted).

Petitioner makes several allegations that, according to him, entitle him to equitable tolling: (1) His attorney never responded when he asked for information about his appeal even though he "contacted his people" to call counsel, "but with no prevail," and wrote to counsel "a couple of times;" (2) he requested, but never received, copies of his case file from his attorney; (3) he is not an attorney and "should not be held to the same standard of an attorney;" and (4) he "did not know law" and "had to study." None of these claims satisfy the requirement for the limitations period to be equitably tolled. That petitioner is not an attorney and did not know the law makes no difference. The Sixth Circuit "has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen*, 366 F.3d at 403 (citation and internal quotation marks omitted). Likewise, attorney error is an inadequate justification for equitable tolling in this circuit. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *Elliott v. DeWitt*, 10 Fed. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling."). Even if the circumstances could somehow be characterized as "extraordinary" and somehow prevented

6

timely filing, it is very clear on this record that Miller was not diligent in the pursuit of his rights. Assuming that Miller's attorney did not accept or return his "people's" phone calls or answer his two letters, he made no attempt to contact this Court or the Sixth Circuit about the status of his case. He was aware, because he was informed by the Court at the end of his sentencing hearing, that he had 14 days within which to file a notice of appeal. A simple phone call to the clerk of this Court would have informed him that no notice of appeal had been filed. He did not request the assistance of the Court in any way. Furthermore, he makes no attempt to show why it took more than a year of "study" to learn the deadline for the filing of the § 2255 motion. In short, Miller falls far short of meeting his burden of demonstrating that he is entitled to equitable tolling and his petition is barred by the AEDPA's one-year limitations period.

**IV. Conclusion**

For the reasons set forth above, the Court holds that petitioner's sentencing was not in violation of the constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE